UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARRYL A. ROBINSON,

       Petitioner,                     Case No. 1:19-cv-134

v.                                            Honorable Janet T. Neff

RANDEE REWERTS,

       Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Darryl A. Robinson is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Petitioner is serving a life sentence following his 1983 Muskegon County Circuit Court conviction for second-degree murder.

This is not Petitioner's first habeas corpus action challenging his convictions and sentences. Petitioner filed second and/or successive petitions in this Court on two other occasions. *See Robinson v. MacLaren*, Case No. 2:17-cv-140 (W.D. Mich. Jan. 4, 2018); *Robinson v. Burton*, Case No. 1:16-cv-225 (W.D. Mich. Mar. 21, 2016). In the orders of transfer, the Court noted that Petitioner had previously filed a habeas corpus petition challenging his 1983 conviction on August 17, 2005, which was dismissed on January 4, 2006, because it was barred by the statute of limitations. *See Robinson v. Luoma*, Case No. 2:05-cv-196 (W.D. Mich. Jan. 4, 2006).

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28

U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's previous habeas action was dismissed on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider

the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated: March 18, 2019        /s/ Janet T. Neff
                             Janet T. Neff
                             United States District Judge